**CT Corporation**

**Service of Process Transmittal**
04/26/2021
CT Log Number 539449916

**TO:**    Kim Lundy Service Of Process
Walmart Inc.
702 SW 8TH ST
BENTONVILLE, AR 72716-6209

**RE:**    **Process Served in Texas**

**FOR:**    Wal-Mart Stores Texas, LLC  (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Haynes Tyesha, Individually and as Representative of the Estate of Julia Haynes, Deceased, Pltf. vs. Wal-Mart Stores Texas, LLC., Dft. *Name discrepancy noted.* |
| **DOCUMENT(S) SERVED:** | Citation, Return, Petition |
| **COURT/AGENCY:** | 152nd Judicial District Court Harris County, TX Case # 202121184 |
| **NATURE OF ACTION:** | Personal Injury - Slip/Trip and Fall - 04/03/2019 at store #5959, 111 Yale Street, Houston, TX 77007 |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Dallas, TX |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 04/26/2021 at 03:19 |
| **JURISDICTION SERVED :** | Texas |
| **APPEARANCE OR ANSWER DUE:** | By 10:00 a.m. on the Monday next following the expiration of 20 days after service |
| **ATTORNEY(S) / SENDER(S):** | Jeffrey Nash Todd The Todd Law Group, PLLC 12929 Gulf Freeway, Suite 301 Houston, TX 77034 832-243-4953 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 04/27/2021, Expected Purge Date: 05/02/2021 Image SOP Email Notification,  Kim Lundy Service Of Process  ctlawsuits@walmartlegal.com |
| **REGISTERED AGENT ADDRESS:** | C T Corporation System 1999 Bryan Street Suite 900 Dallas, TX 75201 877-564-7529 MajorAccountTeam2@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other

Page 1 of  2 / GP

EXHIBIT A

 **CT Corporation**

**Service of Process Transmittal**
04/26/2021
CT Log Number 539449916

**TO:** Kim Lundy Service Of Process
Walmart Inc.
702 SW 8TH ST
BENTONVILLE, AR 72716-6209

**RE:** **Process Served in Texas**

**FOR:** Wal-Mart Stores Texas, LLC  (Domestic State: DE)

advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.



# PROCESS SERVER DELIVERY DETAILS

**Date:**             Mon, Apr 26, 2021

**Server Name:**      Drop Service

| | |
|---|---|
| Entity Served | WAL-MART STORES TEXAS, LLC |
| Agent Name | C T CORPORATION SYSTEM |
| Case Number | 2021121184 |
| Jurisdiction | TX |



CAUSE NO. 202121184

COPY OF PLEADING PROVIDED BY PLT

RECEIPT NO: 884413  TRACKING NO: 73859142
EML

| Plaintiff: | In The 152nd |
| HAYNES, TYESHA ARLENE (INDIVIDUALLY AND AS REPRESENTATIVE OF THE | Judicial District Court of |
| vs. | Harris County, Texas |
| Defendant: | 201 CAROLINE |
| WAL-MART STORES TEXAS LLC | Houston, Texas |

### CITATION CORPORATE

**THE STATE OF TEXAS**
**County of Harris**

**To:   WAL-MART STORES TEXAS LLC (A FOREIGN CORPORATION) MAY BE SERVED BY SERVING ITS REGISTERED AGENT CT CORPORATION SYSTEM 1999 BRYAN STREET #900, DALLAS TX 75201**

Attached is a copy of: PLAINTIFF'S ORIGINAL PETITION

This instrument was filed on April 9, 2021 in the above cited cause number and court. The instrument attached describes the claim against you.

**YOU HAVE BEEN SUED.** You may employ an attorney. If you or your Attorney do not file a written answer with the District Clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration date of 20 days after you were served this citation and petition, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org.

This citation was issued on April 12, 2021, under my hand and seal of said court.

Issued at the request of:

TODD, JEFFREY NASH
12929 GULF FREEWAY, SUITE 301
HOUSTON, TX 77034
832-243-4953
Bar Number: 24028048



*Marilyn Burgess*

Marilyn Burgess, District Clerk

Harris County, Texas
201 CAROLINE  Houston Texas 77002
(PO Box 4651, Houston, Texas 77210)

Generated By:CAROLINA SALGADO

Tracking Number: 73859142

EML

## CAUSE NUMBER: 202121184

| | |
|---|---|
| PLAINTIFF: HAYNES, TYESHA ARLENE (INDIVIDUALLY AND AS REPRESENTATIVE OF THE | In the 152nd |
| vs. | Judicial District Court of |
| DEFENDANT: WAL-MART STORES TEXAS LLC | Harris County, Texas |

## OFFICER - AUTHORIZED PERSON RETURN

Came to hand at _____ o'clock ___. M. on the _____ day of _____, 20_____. Executed at

(Address)_____
in

_____ County at o'clock ___. M. On the _____ day of _____, 20_____, by

Delivering to _____defendant, in person, a true copy of this Citation together with the accompanying _____ copy (ies) of the «Attachment». Petition attached thereto and I endorsed on said copy of the Citation the date of delivery.

To certify which I affix my hand officially this _____day of _____, 20.

Fees $_____

_____          By_____
                Affiant                                                          Deputy

On this day, _____, known to me to be the person whose signature appears on the foregoing return, personally appeared. After being by me duly sworn, he/she stated that this citation was executed by him/her in the exact manner recited on the return.

SWORN TO AND SUBSCRIBED BEFORE ME, On this _____ day of _____, 20__.


                                                    _____
                                                    Notary Public

4/9/2021 12:00 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 52307426
By: Carolina Salgado
Filed: 4/9/2021 12:00 PM

CAUSE NO. _____

| | | |
|---|---|---|
| TYESHA HAYNES, INDIVIDUALLY | § | IN THE DISTRICT COURT OF |
| AND AS REPRESENTATIVE OF THE | § | |
| ESTATE OF JULIA HAYNES, DECEASED | § | |
|     Plaintiff, | § | |
| | § | |
| VS. | § | HARRIS COUNTY, TEXAS |
| | § | |
| WAL-MART STORES TEXAS, LLC., | § | |
|     Defendant. | § | _____ JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, TYESHA ARLENE HAYNES, Individually and as Representative of the Estate of JULIA HAYNES, Plaintiff, and complains of WAL-MART STORES TEXAS, LLC. ("Walmart"), Defendant, and for cause would respectfully show unto this Court as follows:

### I.
### Discovery Control Plan

1.     Discovery is intended to be conducted under Level 3 of Rule 190 of the Texas Rules of Civil Procedure.

### II.
### The Parties

2.     Plaintiff, TYESHA ARLENE HAYNES, Individually and as Representative of the Estate of JULIA HAYNES, is a natural person residing in Harris County, Texas.

3.     Defendant, WAL-MART STORES TEXAS, LLC. ("Walmart"), is a foreign corporation organized and existing under the laws of the State of Delaware, whose principal office is located at 702 SW 8th Street #0555- Tax Dept., Bentonville, State of Arkansas, is authorized to do business in Texas and may be served with process by serving its

registered agent for service of process through CT Corporation System at 1999 Bryan Street, #900, Dallas, Texas 75201.

**III.**
**Request Pursuant to Rule 28 for Substitution of True Name**

4.      To the extent that WAL-MART STORES TEXAS, LLC. is conducting business pursuant to a trade name or assumed name, then suit is brought against WAL-MART STORES TEXAS, LLC. pursuant to the terms of Rule 28 of the Texas Rules of Civil Procedure, and Plaintiff hereby demands upon answer to this suit, that WAL-MART STORES TEXAS, LLC. answer in its correct legal and assumed names.

**IV.**
**Jurisdiction and Venue**

5.      This Court has jurisdiction over the parties and subject matter of this cause, and has jurisdiction to grant all relief requested by Plaintiff.

6.      The amount in controversy is within the jurisdictional limits of this Court.

7.      Venue of this action is proper in Harris County, Texas under, *inter alia*, Sections 15.002(a)(1) and (4) of the TEXAS CIVIL PRACTICE AND REMEDIES CODE. Specifically, this suit is proper in Harris County because all or a substantial part of the events or omissions giving rise to the claims occurred in Harris County.

**V.**
**Nature of the Case**

8.      On April 3, 2019, Julia Haynes, Deceased, was walking in the bathroom at Walmart Supercenter store #5959 located at 111 Yale Street, Houston, TX 77007.  As a result of an unreasonably wet floor that was unclean, Julia Haynes, Deceased, slipped, landed forcefully on the ground and sustained severe and extensive injuries to her body (the "Fall").  Upon information and belief, the injuries sustained by Julia Haynes at Walmart

-2-

were the proximate cause of her ultimate death.

## VI.
## Causes of Action

A.   ***Walmart's Premises Liability***

9.      Plaintiff incorporates by reference the statements made in the above paragraphs as if fully set out herein.

10.     There can be no question that Julia Haynes was an innocent victim in this case. At the time of the Fall, Julia Haynes was an invitee of Walmart because she was a customer at Walmart store #5959. Because store #5959 was open to the public, Walmart extended an invitation to Julia Haynes to shop at Walmart for the mutual benefit of both parties. Consequently, Walmart, by and through its employee/agents owed Julia Haynes the duty to inspect the premises and maintain them in a reasonably safe manner.

11.     Walmart was the owner and/or operator of store #5959 at the time of the Fall and, therefore, either owned, occupied, or controlled the premises where the Fall and subsequent injury occurred. Such negligence was the proximate cause of Julia Haynes damages.

12.     The wet substance left on the premises of Walmart store #5959 posed an unreasonable risk of harm because individuals walking through the bathroom may slip/trip and fall through no fault of their own and severely injure themselves.

13.     Walmart, by and through its employee/agents knew or should have known of the dangerous condition of the premises of Walmart store #5959 for numerous reasons including, but not limited to:

> a.   Customers notified Walmart of the dangerous condition
> at store #5959 or other Walmart stores of similar design
> and construction around the country;

-4-

b.      Walmart agents, servants, or employees actually witnessed accidents caused by the dangerous condition at store #5959 or other Walmart stores of similar design and construction around the country;

c.      Walmart agents, servants, or employees actually caused the dangerous condition at store #5959 or other Walmart stores of similar design and construction around the country;

d.      Walmart agents, servants, or employees were involved in the design and construction of the dangerous condition at store #5959 or other Walmart stores of similar design and construction around the country;

e.      Walmart agents, servants, or employees actually took precautionary measures regarding the dangerous condition at store #5959 or other Walmart stores of similar design and construction around the country;

f.      Walmart agents, servants, or employees actually took precautionary measures regarding the dangerous condition at store #5959 or other Walmart stores of similar design and construction around the country and negligently failed to remove, repair, or otherwise warn of the dangerous condition; and

g.      The dangerous condition existed long enough at store #5959 or other Walmart stores of similar design and construction around the country that Walmart did or should have discovered it upon reasonable inspection.

14.      Walmart breached its duty of care by both failing to make the dangerous condition reasonably safe and/or failing to adequately warn Julia Haynes of the dangerous condition at store #5959. Each of these acts or omissions, taken alone or collectively, amount to premises liability by Walmart and Julia Haynes sustained damages as a proximate result of Walmart's conduct. Accordingly, Walmart is liable to Plaintiff as a result of its premises liability.

### B. *Walmart's Negligence*

15.    HAYNES incorporates by reference the statements made in the above paragraphs as if fully set out herein.

16.    At the time of the Fall, Julia Haynes was an invitee at Walmart and, as such, Walmart had a duty to use ordinary care in maintaining the premises in a safe condition by inspecting, or ensuring the inspection of, the property for any dangerous conditions and by making safe any latent defect or providing an adequate warning of any such defect.

17.    Walmart, by and through its employee/agents breached its duty of care by failing to reasonably inspect, or ensure the reasonable inspection of, the property for any dangerous conditions and by failing to make the dangerous condition reasonably safe and/or failing to adequately warn HAYNES of the dangerous condition at store #5959. Each of these acts or omissions, taken alone or collectively, amount to negligence by Walmart and HAYNES sustained damages as a proximate result of Walmart's conduct. Accordingly, Walmart is liable to HAYNES as a result of its negligence.

### C. *Walmart's Malicious & Grossly Negligent Conduct*

18.    Plaintiff incorporates by reference the statements made in the above paragraphs as if fully set out herein.

19.    Walmart acted with malice, as that term is defined by Civil Practice & Remedies Code §41.001(7). Specifically, Walmart, by and through its employee/agents failed to reasonably inspect, or ensure that others reasonably inspected, the premises of Store #5959 to determine if the premises were safe and acted with total disregard for the circumstances existing at the time. In the alternative, Walmart, by and through its employee/agents failed to make the dangerous condition on its premises reasonably safe and/or failed to adequately warn its invitees of same and acted with total disregard for the

circumstances existing at the time.

20.     When viewed from the perspective of Walmart at the time of the acts or omissions, the acts or omissions of Walmart involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others.  Moreover, Walmart had actual subjective awareness of the risks involved, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of others.  Consequently, Walmart is liable to Plaintiff for exemplary damages.

## VII.
## Damages

### Survival Statute

21.     This suit is brought, in part, by Plaintiff, as the surviving child of JULIA HAYNES, Deceased, to recover damages from the Defendant for the wrongful death of JULIA HAYNES, Deceased, under the terms and provisions of V.T.C.A., Civil Practice and Remedies Code Sec. 71.021, commonly referred to as the Survival Statute, for any claims which could have been brought on her own behalf, but for her death as a result of her injuries, which were occasioned by the negligence of the Defendant in causing the events as described herein.

### Wrongful Death Claim

22.     Plaintiff is the surviving child of JULIA HAYNES, Deceased, and is a recognized statutory beneficiary under the Texas Wrongful Death Act, Texas Civil Practices & Remedies Code Ann. § 71.01, et seq. (Vernon*s Supp. 1990). She lost her mother. With this loss she has suffered and will continue to suffer substantial damages, which include the following:

        a.      PECUNIARY LOSS meaning the loss of the care, maintenance, support, services, advice, counsel, and reasonable contributions of a

pecuniary value, excluding loss of inheritance that, in reasonable probability, they would have received from her mother, JULIA HAYNES, Deceased, had she lived.

b.      LOSS OF COMPANIONSHIP AND SOCIETY, meaning the loss of the positive benefits flowing from the love, comfort, companionship, and society that, in reasonable probability, they would have received from her mother, JULIA HAYNES, Deceased, had she lived; and

c.      MENTAL ANGUISH meaning the emotional pain, torment, and suffering experienced by her because of the death of her mother, JULIA HAYNES, Deceased.

23.     For all of the above, Plaintiffs, the surviving child of JULIA HAYNES, Deceased, seeks damages of and from the Defendant in an amount within the jurisdictional limits of this Court.

**C.      *Gross Negligence/Malice***

24.     The actions of the Defendant were so heedless and showed such a reckless disregard for the right of others affected by them, and particularly in this instance, as to constitute gross negligence and malice as defined by law.  Such heedless and reckless disregard is more than momentary thoughtlessness, inadvertence or error in judgment. The acts and/or omissions of said Defendant as specifically complained of herein were the result of conscious indifference to the rights, welfare, and/or safety to your Plaintiff. Accordingly, because of such gross negligence and malice, Plaintiff further sues for exemplary and punitive damages in an amount within the jurisdictional limits of the Court.

**D.      *Prejudgment Interest***

25.     In addition to the above and foregoing allegations, Plaintiff further pleads that she is entitled to prejudgment interest at the highest rate allowed by law.

## VIII.
## Conditions Precedent

26.     All conditions precedent have occurred, have been performed, have been waived or have otherwise been excused.

## IX.
## Miscellaneous

27.     Plaintiff respectfully reserves the right to amend and plead further as necessary and as additional facts are uncovered.

## X.
## T.R.C.P. 47(c)

28.     Pursuant to T.R.C.P. 47(c), Plaintiff herenow seeks monetary relief over $250,000.00 but not more than $1,000,000.00.

## XII.
## RULE 193.7 NOTICE

29.     Pursuant to Texas Rule of Civil Procedure 193.7, Plaintiff hereby gives actual notice to Defendant that any and all documents produced may be used against Defendant at any pretrial proceeding and/or at the trial of this matter without the necessity of authenticating the documents.

## XIII.
## Prayer

WHEREFORE PREMISES CONSIDERED, Plaintiff asks that Defendant be cited to appear and answer, and on final trial, that Defendant be held liable and judgment be rendered for Plaintiff as follows:

(a)     All actual, consequential, and special damages;

(b)     Pre-judgment interest as provided by law;

(c)     Punitive damages as provided by law;

(d)     Post-judgment interest;

(e)     Costs of Court; and,

(f)     Such other and further relief, both general and special, legal and equitable, to which Plaintiff may show herself justly entitled.

Respectfully submitted,

**THE TODD LAW GROUP, PLLC**

By:   /s/ *Jeffrey N. Todd*
   **Jeffrey N. Todd**
   State Bar No. 24028048
   12929 Gulf Freeway, Suite 301
   Houston, Texas 77034
   Telephone:  (832) 243-4953
   Telecopier:  (713) 583-7818
   jeff@jefftoddlaw.com

   **ATTORNEYS FOR PLAINTIFF**